UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KRISTINA CRIST, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No. CIV-25-1446-R |
| | ) | |
| ROY CHRIS WEST, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the Court on a March 10, 2026 order directing Plaintiff's counsel to show cause as to why she should not be sanctioned for including nonexistent or misleading case citations in a response brief. Plaintiff's counsel filed a written response to the show cause order [Doc. No. 17] and the Court held a hearing on March 31, 2026.[1] After carefully reviewing the full record, the Court finds as follows.

Fed. R. Civ. P. 11(b) states that, by presenting a written motion or paper to the Court, an attorney is certifying that, to the best of her knowledge and formed after a reasonable inquiry,

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

---

[1] Plaintiffs' counsel was present for a hearing in another case dealing with the same issues. *See Jane Doe, et al., v. Mount Saint Mary High Sch. Corp., et al.,* No. CIV-22-992-R, (W.D. Okla.). The arguments and explanation offered by Ms. Bussett in the *Mount Saint Mary* case generally apply to this action. The hearing for the other case ran long, so the Court struck the separate hearing for this action, but provided Defendants the opportunity to file a written response. *See* Doc. No. 19. Defendants filed a response brief [Doc. No. 20], suggesting that the Court impose sanctions consistent with the sanctions imposed in the *Mount Saint Mary* case, and Plaintiff submitted a reply [Doc. No. 23].

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). This "rule is not aspirational; it is the minimal standard of honesty that keeps the adversarial process tethered to reality." *Mattox v. Prod. Innovations Rsch., LLC,* 807 F. Supp. 3d 1341, 1346–47 (E.D. Okla. 2025). And notably, "an attorney violates Rule 11 even when that attorney does not subjectively intend to deceive the court." *Lexos Media IP, LLC v. Overstock.com, Inc*., No. 22-2324-JAR, 2026 WL 265581, at *10 (D. Kan. Feb. 2, 2026). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c).

In this action, Plaintiff's counsel, Rachel Bussett, signed and presented a response brief [Doc. No. 12] that includes nonexistent cases and citation to authority that does not stand for the proposition indicated. Further, although Ms. Bussett suspected there were errors in the brief prior to the issuance of the show cause order, she did not notify the Court or request permission to withdraw the brief. *See* Doc. No. 17 at p. 1-2. Ms. Bussett blames the briefing errors on her use of a "trusted legal vendor's AI tool" to research and draft the brief as well as some "more traditional errors." *Id.* at p. 3. Ms. Bussett concedes that she

2

failed to perform the essential step of personally verifying the case citations and has apologized for her conduct. *Id.*

The Court finds that Ms. Bussett's conduct – specifically the inclusion of fake or misleading authority in a written brief – violates Rule 11(b)(2). *See Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 495 (D. Wyo. 2025) ("[U]sing a fake opinion to support an argument is a violation of Rule 11(b)(2)."); *Mattox*, 807 F. Supp. 3d at 1347 (attorney that cited fake cases and then falsely described the errors as formatting errors "violated Rule 11(b)(2) and (b)(3) by presenting legal contentions not warranted by existing law and factual representations lacking evidentiary support").

Having determined that Ms. Bussett violated Rule 11(b), the Court turns to the issue of sanctions. "Rule 11 sanctions are meant to serve several purposes, including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management." *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990). However, the "primary goal" is deterrence. *Id.* "The appropriate sanction should be the least severe sanction adequate to deter and punish the plaintiff." *Id.* at 684.

The Court has reviewed numerous cases where attorneys were sanctioned for similar misconduct. Other courts have imposed monetary sanctions, revoked pro hac vice status, referred attorneys to the appropriate disciplinary body, ordered specific CLE attendance, ordered attorney's fees to be paid to opposing counsel, and/or issued a public reprimand. *See Mattox* 807 F. Supp. 3d at 1349-50 (collecting cases). Here, the Court is mindful that the primary goal of Rule 11 sanctions is deterrence, and the sanction should be the least

severe to achieve that goal. With those principles in mind, the Court finds that an appropriate sanction is to issue a public reprimand, require Ms. Bussett to notify her client of these issues, and pay a monetary penalty.

This order will stand as a public reprimand of Ms. Bussett's conduct. "While [Ms. Bussett's] conduct represented a profound failure of professional duty, it also presents a rare opportunity for public correction rather than professional ruin." *Mattox*, 807 F. Supp. 3d at 1351. Ms. Bussett is required to notify her client of this order so that she is aware of the conduct. Last, the Court also finds that a sanction of $250 is the least severe monetary penalty that will deter and punish the conduct.

Accordingly, the Court finds that Ms. Bussett violated Rule 11(b) and issues sanctions as follows: (1) This order will stand as a public reprimand of Ms. Bussett's conduct in this case; (2) within fourteen days of the date of this order, Ms. Bussett shall provide a copy of this order to her client and file a notice certifying that she has complied with this requirement; and (3) within thirty days of the date of this order, Ms. Bussett shall pay directly to the Clerk of Court the sum of $250.00 for the benefit of the general court fund.

IT IS SO ORDERED this 7th day of May, 2026.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**

4